Reynolds v. Reynolds 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-284-CV

     MARILYN JOY REYNOLDS,
                                                                                              Appellant
     v.

     PHILIP HOWARD REYNOLDS,
                                                                                              Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # 5421-91
                                                                                                    

O P I N I O N
                                                                                                    

      Marilyn Reynolds appeals the trial court's modification of child support order that reduced
Philip Reynolds' monthly child-support obligation from $800 to $392.
      In points one and two Marilyn challenges the legal and factual sufficiency of the evidence to
support the trial court's finding of a material and substantial change in Philip's circumstances. 
When a complete statement of facts appears in the appellate record, the trial court's fact findings
are reviewable for legal and factual sufficiency of the evidence by the same standards that are
applied in reviewing the sufficiency of the evidence supporting jury findings.


 In a no-evidence
point, only the evidence and inferences that support the challenged finding will be considered, and
all contrary evidence and inferences will be disregarded.


 In a factual-sufficiency point, all of the
evidence will be considered and the finding will be set aside only if the evidence is so weak or the
finding so against the great weight and preponderance of the evidence that it is clearly wrong and
unjust.



      According to section 14.08(c)(2) of the Texas Family Code, the court may modify a portion
of a decree that "provides for the support of a child if the circumstances of . . . a person affected
by the . . . decree . . . have materially and substantially changed since the date of its rendition .
. . ."


 Philip testified that, although he had previously been able to earn fourteen or fifteen dollars
an hour as a heavy-construction worker, he was no longer able to obtain employment in that
industry because "the economy's dead" and because back problems made it impossible for him to
pass the required physical examinations. As a result, he attended a four-month welding course
at Hill Junior College and was now employed as a welder earning $7.50 an hour.
      Section 14.056(a) states that the "court may consider the guidelines for the support of a child
in this chapter to determine whether there has been a material and substantial change in
circumstances . . . ."


 Accordingly, the trial court applied the child-support guidelines to Philip's
current wage to determine the presumptively reasonable child-support obligation of $392 per
month.


 Philip's testimony regarding the reduction in his income, the restricted job market, and
his physical condition constitutes sufficient evidence of a material and substantial change in his
financial condition. Because we find that there was both legally and factually sufficient evidence
to support a finding of material and substantial change in Philip's circumstances, we overrule
points of error one and two.
      In point three Marilyn contends that the trial court erred in reducing the child-support
obligation because Philip became intentionally underemployed. Section 14.053(f) allows the court
to apply the guidelines to the earning potential of the obligor if the obligor is intentionally
underemployed.


 Although Marilyn contested Philip's testimony that he had been unable to find
work in the more lucrative heavy-construction industry, the trial court, as the sole judge of the
credibility of the witnesses, apparently believed Philip's testimony.


 Accordingly, we overrule
point of error three.
      In point four Marilyn contends that, because Philip had adopted one of Marilyn's four
children, he owed a greater duty to the adopted child than to their natural children, and, as a
result, the trial court erred in reducing the child-support obligation. Section 16.09(a) provides that
"the parent-child relationship exists between the adopted child and the adoptive parents as if the
child were born to the adoptive parents during marriage."


 Because we find Marilyn's distinction
between the adopted child and the natural children without merit, we overrule point of error four.
      In point five Marilyn contends that the trial court erred in failing to state the findings required
by section 14.057 in the child support order.


 The trial court did not state the required findings
in the order signed on October 16, 1992. On December 11, however, the trial court signed the
required findings, which were filed with this court in a supplemental transcript. Even if the
findings were filed late, we may consider them because Marilyn neither filed a motion to strike
nor has she shown that she was harmed by the delay in the filing.


 As a result, we overrule point
of error five.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 2, 1993
Do not publish